IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.	Case No: 3:99cr46/RV
	3:09cv175/RV/MD

**WILLIE JAMES GRIFFIN, JR.**

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 352). The government has filed a response in which it moves to dismiss the defendant's motion as successive (doc. 356) and the defendant has filed a reply. (Doc. 359).

The defendant initially filed a motion to vacate pursuant to 28 U.S.C. § 2255 on October 16, 2002. (Doc. 174). The motion was denied (doc. 257 & 263), as was defendant's request for a certificate of appealability. (Doc. 275, 297 & 298). The instant motion was filed nearly five years later, after defendant received a sentence reduction pursuant to 18 U.S.C. § 3582. (Doc. 334).

A second or successive motion for § 2255 relief must be certified by the court of appeals upon motion to that court by the applicant. 28 U.S.C. § 2244(b)(3) and § 2255; *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996). In accordance with § 2244(b)3)(B), a three-judge panel of the court of appeals may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> **(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or**
> **(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.**

**28 U.S.C. § 2255(h);** *In re Dean*, **375 F.3d 1287 (11th Cir. 2004). Defendant's motion must be dismissed, as the record does not reflect that he has either sought or obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive motion.** *See, In re Joshua*, **224 F. 3d 1281, 1283 (11th Cir. 2000);** *Medina v. Singletary*, **960 F.Supp. 275 (M.D. Fla 1997).**

**Defendant asserts that his motion is timely and proper based on the fact that he was partially resentenced pursuant to 18 U.S.C. § 3582(c)(2). He appears to contend, therefore, that he does not need authorization to file the second § 2255 motion in this case. Defendant is mistaken. There is no statutory exception for successive § 2255 motions filed after such a resentencing. In addition, proceedings under § 3582(c) and § 1B1.10 "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), or a de novo resentencing.** *United States v. Moreno*, **421 F.3d 1217, 1220 (11th Cir.2005), cert. denied, 547 U.S. 1050, 126 S.Ct. 1643, 164 L.Ed.2d 351 (2006);** *United States v. Bravo*, **203 F.3d 778, 781 (11th Cir.2000);** *United States v. Cothran*, **106 F.3d 1560, 1562 (11th Cir.1997). The Court does not re-examine the other sentencing determinations made at the original sentencing.** *Cothran*, **106 F.3d at 1562-63;** *Bravo*, **203 F.3d at 781. Defendant, nonetheless would have this court examine aspects of his criminal case that were not factored into the court's ruling on his § 3582 motion. Additionally, to the extent defendant attempts to raise a** *Booker* **claim, the Eleventh Circuit has already stated that "***Booker* **is inapplicable to § 3582(c)(2) motions."** *Moreno*, **421 F.3d at 1220. As noted by the government, regardless of whether defendant can demonstrate**

grounds for receiving leave to file a second motion, the fact remains that he has not sought or obtained such leave, and as such this court may not consider his claims.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 352) be DISMISSED without prejudice as successive.

At Pensacola, Florida, this 27th day of July, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).