IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**vs.** 3:99cr46/RV

**WILLIE JAMES GRIFFIN, JR.**

---

### ORDER

The defendant has filed a letter notice of appeal (doc. 363) which this court construes as a request for a certificate of appealability.[1] Defendant appeals the court's denial of his Rule 60(b) motion. (Doc. 362). Unless a certificate of appealability is issued, the defendant may not take an appeal from the final order denying a Rule 60(b) motion. *Gonzalez v. Secretary of Department of Corrections*, 317 F.3d 1308, 1312 (11th Cir. 2003). A certificate of appealability should not issue in the appeal from the denial of a Rule 60(b) motion in a habeas case unless the petitioner/defendant shows, at a minimum, that it is debatable among jurists of reason whether the district court abused its discretion, see *Mobley v. Head*, 306 F.3d 1096, 1097 (11th Cir. 2002) ("This Court reviews a denial of a 60(b) motion for an abuse of discretion."). Because the court finds the defendant has not made the requisite showing for the reasons stated in the court's order denying the motion (doc. 362), his request for a certificate of appealability is DENIED. Defendant has not filed a motion for leave to proceed *in forma pauperis.* The court finds that the appeal is not taken in good faith and he is not otherwise entitled to so proceed. Fed.R.App.P. 24(a)(3). Therefore, defendant shall pay the $455.00 filing fee within thirty days.

DONE AND ORDERED this 12th day of August, 2009.

/s/ *Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] *See Edwards v. United States*, 114 F.3d 1083 (11TH Cir. 1997) (district courts must treat notices of appeal in Section 2255 actions as applications for certificates of appealability).