IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case Nos.: 3:99cr46/RV
                                                                  3:11cv458/RV/EMT
WILLIE JAMES GRIFFIN, JR.,

_____

## ORDER, and REPORT AND RECOMMENDATION

        This matter is before the court upon Defendant's motion under 28 U.S.C. § 2255 to vacate,
set aside, or correct sentence (doc. 434), the "Government's Response to Successive Motion to
Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. Section 2255" (doc. 436), and
Defendant's reply to the Government's response to his motion to vacate (doc. 438).   The
Government  filed a supplemental response to successive motion to vacate (doc. 440), pursuant to
court order (doc. 439), and Defendant filed a supplemental reply (doc. 442).   Most recently,
Defendant has filed a "Pro se Motion to Supplement his Pending Habeas Corpus Petition Pursuant
to 28 U.S.C. § 2255" (doc. 446).  This court lacks jurisdiction to consider Defendant's successive
§ 2255 motion, notwithstanding the argument raised in his motion to supplement, and the requested
relief should be denied.

Background and Analysis

        Defendant's lengthy history of post-conviction motions is set forth in the Government's
response and need not be repeated herein (*see* doc. 436 at 1).  Suffice it to say that Defendant has
already had one section 2255 motion dismissed as successive (*see* docs. 352, 361, 374).  Therefore,
Defendant should be aware that before a second or successive application for § 2255 relief is filed
in the district court, he must move in the appropriate court of appeals for an order authorizing the
district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin,

518 U.S. 651, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. Appx. 409  (11th Cir. 2010).  He has not done this.  Instead, Defendant argues, his motion is timely and permitted under 28 U.S.C. § 2255(f)(4),[1] pursuant to the Eleventh Circuit's decision in United States v. Stewart, 646 F.3d 856 (11th Cir. 2011).  Because Defendant also cited in his reply the relatively recent Supreme Court case of Carachuri–Rosendo v. Holder, 130 S. Ct. 2577, 177 L. Ed. 2d 68 (June 14, 2010), in an abundance of caution the court directed the Government to file a supplemental response addressing the potential applicability of that decision to Defendant's case.  Although Carachuri-Rosendo was decided in June of 2010, Defendant appeared to suggest that he could not have raised a claim based on this case until the Eleventh Circuit's decision on July 14, 2011, in Stewart, and that the instant motion is not "successive" because it is based on the aforementioned two cases (doc. 442 at 3).

As noted above, it is well established that before a second or successive application for § 2255 relief is filed in the district court, Defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker, 518 U.S. 651 (1996); Holt, 417 F.3d at 1175.  The term "second" is a term of art, however.  In Stewart v. United States, supra, the Eleventh Circuit found that a defendant whose state court convictions were vacated, who then moved for federal post-conviction relief seeking vacatur of the career offender enhancement, was not barred by the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act.  This was because the legal basis for his claim, that his state court convictions had been vacated, did not exist before he filed his initial motion. Stewart, 646 at 863, 865.  The Stewart court distinguished the basis for the motion from the facts indicating that there might be flaws in the underlying Georgia convictions.  Defendant's reliance on Stewart as authority for filing a successive motion is misplaced, as the grounds for relief he raises do not suggest that any of his underlying state convictions have been vacated.  His first ground for relief in his § 2255 motion is that the district court erred in applying a section 851 enhancement when his prior conviction did not result in a term of imprisonment of one year or more.  Second, he

---

[1]This section provides that the one-year limitation period for filing a § 2255 motion shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).

contends that the section 851 enhancement does not apply to the statutory minimum for a section 841(b)(1)(C) conviction.  Finally, he asserts that the indictment is defective and duplicitous.

Defendant also relies on the Supreme Court's decision in Carachuri-Rosendo to support his argument that his criminal history was improperly calculated.  His assertion that he is entitled to relief fails because this case is not retroactively applicable to cases on collateral review.  The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."  Tyler v. Cain, 533 U.S. 656, 663 (2001).  The Court has not declared its decision in Carachuri–Rosendo, which arose under the Immigration and Nationality Act, to be a "new rule" of constitutional law that is retroactively applicable.  See United States v. Stallworth, Nos. 3:95cr3039/RV, 3:11cv500/RV/EMT, 2012 WL 512644, report and recommendation adopted by United States v. Stallworth, 2012 WL 512627, at *1 (N.D. Fla. Feb 15, 2012) (finding Carachuri-Rosendo not retroactively applicable on collateral review); Gaytan-Gonzalez v. Benov, No. 1:11-cv-00965/AWI/MJS/HC, 2012 WL 28625, at *2 (E.D. Cal. Jan. 5, 2012) (same); Stewart v. Warden, FCC Coleman-Low, No. 5:11-cv-98/Oc/29SPC, 2011 WL 6004594, at *3 (M.D. Fla. Nov. 30, 2011) (same, citing unreported cases that have also so held); Gaddy v. United States, Nos. 3:08-cr-50, 3:11-cv-49, 2011 WL 7021140 (N. D. W. Va. Dec. 15, 2011) (same; also noting that even if Carachuri-Rosendo was retroactively applicable on collateral review, a timely-filed motion based on this case must have been filed on or before June 14, 2011).  Therefore, absent its retroactivity, Carachuri-Rosendo is not applicable to Defendant's case.

Even if Carachuri-Rosendo were retroactively applicable, Defendant's motion would be time barred.  Defendant contends in his reply that he brings his motion pursuant to 28 U.S.C. § 2255(f)(4), based on a "new fact" that was not previously available.  If the Supreme Court's decision in Carachuri-Rosendo can be construed as such a "new fact," Defendant's motion would be untimely under § 2255(f).  Carachuri-Rosendo was decided on June 14, 2010, and Defendant's motion, signed on September 19, 2011 (see doc. 434 at 12), was not filed within one year from the date of the Supreme Court's decision.  The motion is thus untimely under § 2255(f).

To the extent Defendant seeks to try to excuse the untimely filing by claiming that the retroactivity of Carachuri-Rosendo was not established until July of 2011 when Stewart was

decided, he is mistaken.  Title 28 U.S.C. § 2255(h)(2) requires that, in order to support a second or successive motion, a new rule of constitutional law must be "made retroactive to cases on collateral review *by the Supreme Court*" (emphasis added).  Thus, <u>Stewart</u>, a mid-level appellate decision, could not  have made <u>Carachuri-Rosendo</u> retroactive.  *See* <u>Tyler</u>, 533 U.S. at 663.

Lastly, Defendant's attempt to circumvent the procedural bar through his citation to the "savings clause" in the supplement to his motion is misguided.  Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); <u>Wofford v. Scott</u>, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis).  The italicized language is known as the "savings clause," and could allow habeas corpus review under § 2241 of a claim barred as successive under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Wofford</u>, 177 F.3d at 1244; <u>Darby v. Hawk-Sawyer</u>, 405 F.3d. 942, 945 (11th Cir. 2005); *see also* <u>Reyes-Requena v. United States</u>, 243 F.3d 893 (5th Cir. 2001); <u>United States v. Peterman</u>, 249 F.3d 458, 461 (6th Cir. 2001).  Failure to meet a single prong means a petitioner's claim fails.  *See* <u>Wofford</u>, 177 F.3d at 1244; <u>Flint v. Jordan</u>, 514 F.3d 1165, 1168 (11th Cir. 2008).  Here, Defendant asserts that his motion meets the "savings clause" provision and § 2255 is ineffective because his claim is "against the reviewing judge that the [sic] committed the trial error" (doc. 446 at 2).  The alleged error Defendant seeks to raise in the supplement was the trial court's decision to allow the introduction of 404(b) evidence to prove the element of intent at Defendant's trial, a claim that clearly could have been raised long ago on Defendant's direct appeal.  None of Defendant's claims involve retroactively applicable Supreme Court decisions, and the savings clause is inapplicable.

This court is thus without jurisdiction to consider Defendant's successive motion, and it should be denied and dismissed.

<b>CERTIFICATE OF APPEALABILITY</b>

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED;**

Defendant's Pro Se Motion to Supplement his Pending Habeas Corpus Petition Pursuant to 28 U.S.C. § 2255 (doc. 446) is **DENIED**.

And it is respectfully **RECOMMENDED**:

Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 434), be **DENIED and DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent permission from the Eleventh Circuit.

At Pensacola, Florida, this <u>30</u><sup>th</sup> day of April 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**