IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                      Case Nos.:    3:99cr46/RV
                                                       3:14cv193/RV/EMT
WILLIE JAMES GRIFFIN, JR.,

**REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (doc. 487). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

Defendant's lengthy history of post-conviction motions has been summarized elsewhere and need not be repeated herein (*see, e.g.*, doc. 436 at 1). Suffice to say that Defendant has already had one section 2255 motion dismissed as successive (*see* docs. 352, 361, 374). Therefore, Defendant should be aware that before a second or successive application for § 2255 relief is filed in the district court, he must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010). This authorization is required even where, as here, a defendant claims that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). In the instant motion, Defendant seeks relief based

on the Supreme Court's decisions in Moncrieffe v. Holder, 133 S. Ct. 1678 (2013) and Descamps v. United States, 133 S. Ct. 2276 (2013).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, despite the fact that he is clearly aware of the need to do so, based on the dismissal of previous successive § 2255 motions (*see* docs. 361, 374, 447, 450; *see also* doc. 476 (affirming dismissal of successive § 2255 motion)).  Therefore, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 487), be **DENIED and DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 22nd day of April 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days (14) after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**