IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                              Case Nos.:     3:99cr46/RV/EMT
                                                                3:14cv639/RV/EMT

WILLIE JAMES GRIFFIN, JR.,

_____

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Defendant's "Motion for Vacatur of an Illegal Sentence Due to a Lack of Jurisdiction Pursuant to 28 U.S.C. § 1651 and Audita Querela" (doc. 493). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that: (1) Defendant is not entitled to relief pursuant to the All Writs Act, 28 U.S.C. § 1651; and (2) the court lacks jurisdiction to review Defendant's submission if it is construed as a § 2255 motion, and thus to the extent it is construed as such the motion should be summarily dismissed.

### BACKGROUND and ANALYSIS

Defendant's lengthy history of post-conviction motions has been summarized elsewhere and need not be repeated herein (*see* doc. 436 at 1). Suffice to say that Defendant has already had one section 2255 motion dismissed as successive (*see* docs. 352, 361, 374). Therefore, Defendant should be aware that before a second or successive application for § 2255 relief is filed in the district court, he must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); <u>Felker v. Turpin</u>, 518 U.S. 651, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996); <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005); <u>Carter v. United States</u>, 405 F. App'x 409 (11th Cir. 2010). This authorization is required even where a defendant claims that his motion is based on the existence of a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h)(2).

Defendant apparently attempts to circumvent this procedural limitation on second or successive motions by characterizing his submission as a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651.  In Holt, 417 F.3d at 1172, the petitioner argued that a federal court may vacate either a criminal conviction or a sentence pursuant to a writ of audita querela if there is a legal objection that did not exist at the time judgment was entered, such as through a change in intervening law.  Id. at 1174.  The petitioner in  Holt argued that the district court had exceeded its sentencing authority under Blakely v. Washington, 542 U.S. 296 (2004).  Holt maintained that because he could not have raised his claim until the Supreme Court decided Appendi v. New Jersey, 530 U.S. 466 (2000), and relief was not available to him under § 2255 or § 2241, a writ of audita querela was his only viable avenue of relief.  After a review of the history of the writ, the Eleventh Circuit held that a writ of audita querela may not be granted when relief is cognizable under § 2255.  Holt, 417 F.3d at 1175.  Cognizable, however, is not tantamount to "available."  The appellate court went on to construe Holt's motion as one made pursuant to § 2255.  It noted, however, that Holt had not obtained an order authorizing the district court to consider his second and successive motion for § 2255 relief, and affirmed the district court's denial of the motion.  Id.  Like the defendant in Holt, Defendant in this case claims that his sentence is unconstitutional under the Fifth and Sixth Amendments, and he seeks vacatur of his sentence based on intervening Supreme Court case law, Alleyne v. United States, 133 S. Ct. 2151 (2013).  The holding in Holt is dispositive in this case.  See also United States v. Mayne, 419 F. App'x 953 (11th Cir. 2011) (affirming dismissal of a petition for writ of audita querela where claim was cognizable under § 2255, citing Holt); United States v. Arevalo, 368 F. App'x 957 (11th Cir. 2010) (same); United States v. Davis, 352 F. App'x 314 (11th Cir. 2009) (same).  Therefore, Defendant's request for the issuance of a writ of audita querela is due to be denied and, because this court lacks jurisdiction to consider a second or successive motion to vacate pursuant to 28 U.S.C. § 2255, Defendant's motion must be dismissed.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      Defendant's petition for a writ of audita querela be **DENIED**, as he is not entitled to challenge his sentence by means of this writ.

2.      Construed as a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 493), the instant motion be **DENIED and DISMISSED**.

3.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 12th day of December 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days (14) after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).